**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**UNITED STATES OF AMERICA**　　　　　　　　　　　　　　　　**RESPONDENT**

**VS.**　　　　　　　　**NO. 4:98-CR-00073 GTE**

**GAYLON RICHARD COX**　　　　　　　　　　　　　　　　　　　**PETITIONER**

## ORDER

Petitioner Gaylor Richard Cox has mailed to the Clerk of the Court a document entitled "Cox Challenges the Judgment as Void under Fed. R. Civ. Proc. Rule 60(B)(4)." The Court will hereinafter refer to the document as "Challenge to the Judgment." The legal pleading is fifty-seven (57) pages long and contains an Appendix approximately an inch thick.

The document is postmarked December 5, 2006. The Court does not know when the document was received in the Clerk's office, but it was forwarded to this Court for review. After reviewing the document, the Court directed that the fifty-seven (57) page "Challenge to the Judgment" be filed in the above referenced matter. The Court further directed, however, that only the 2-page "Index of Appendices" be electronically filed. The voluminous Index shall be maintained only in a hard copy version.[1]

## BACKGROUND

On December 22, 2004, this Court denied Petitioner's § 2255 petition as a second or successive habeas petition over which this Court has no jurisdiction. (See Doc. No. 97). On October 31, 2005, the Eighth Circuit Court of Appeals denied Petitioner's application for a

---

[1] The Index primarily consists of numerous excerpts from the Congressional Record.

certificate of appealability. (See Doc. No. 105). By letter dated May 30, 2006, the United States Supreme Court notified Mr. Cox that his petition for a writ of certiorari was denied . (See Doc. No. 108).

## DISCUSSION

Regardless of how the pleading is titled, Mr. Cox's "Challenge to the Judgment" is a "second or successive" motion which "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255. A second or successive § 2255 may be heard only if it involves newly discovered evidence that is potentially dispositive or a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. *See id.*

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) " 'changed the conditions under which second or successive applications [for federal *habeas* relief] may be considered and decided on their merits.' " *Bannister v. Bowersox,* 128 F.3d 621, 621 (8th Cir.1997) (*quoting McDonald v. Bowersox,* 125 F.3d 1183, 1184 (8th Cir.1997)). The statute plainly requires that "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As the Eighth Circuit Court of Appeals has explained, "Under 28 U.S.C. § 2244(b)(3)(A), [a petitioner] must receive our authorization in order for the district court to consider such [a second or successive] application." *Cox. v. Norris,* 167 F.3d 1211, 1212 (8th Cir.1999); *see also Roberts v. Bowersox,* 170 F.3d 815, 815-16 (8th Cir.1999) (outlining the requirements for the court of appeals to grant an application for leave to file a second or successive application).

This Court lacks jurisdiction to consider Petitioner's second or successive petition. The

Eighth Circuit Court of Appeals <u>alone</u> has the authority to determine whether Petitioner's current petition falls within the limited exceptions under which second or successive § 2255 petitions may be considered on the merits.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT Petitioner's Motion entitled "Cox Challenges the Judgment as VOID under Fed. R. Civ. P. Rule 60(B)(4) (Docket No. 109) be, and it hereby, is DISMISSED for lack of jurisdiction in this court, because it is a "second or successive application" filed without the leave of the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2244(b)(3)(A).

IT IS SO ORDERED this  20th  day of December, 2006.

      /s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE