IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                              RESPONDENT

VS.                              NO. 4:98-CR-00073 GTE

GAYLON RICHARD COX                                                    PETITIONER

## ORDER

Before the Court is Petitioner Gaylor Richard Cox's Petition for a Writ of Autida Querela, filed *pro se*. The Petition will be denied as frivolous.

Common law writs, such as *audita querela*,[1] are available only when other post-conviction relief is unavailable. Further:

> [i]t is well-established that such writs cannot be used to challenge a conviction or sentence when the same issues could have been raised in a petition under 28 U.S.C. § 2255. This is true even when a particular defendant's petition under Section 2255 would be dismissed as successive. Stated differently, because Section 2255 provides a vehicle for post-conviction relief, there is no "gap" that must be filled by resorting to a common law writ; the fact that a particular defendant's petition under Section 2255 may be dismissed as successive does not create such a "gap." Thus, most courts construe such writs as petitions under Section 2255.

*Corral v. U.S.*, 436 F.Supp.2d 1045, 1046 (D.N.D. 2006).

Mr. Cox has filed numerous post-conviction proceedings under 28 U.S.C. § 2255. This

---

[1] The phrase is Latin for "the complaint having been heard" and derives from a common law remedy allowing a judgment debtor to obtain equitable relief from a judgment based upon some defense or discharge available after the entry of judgment. *See* BLACK'S LAW DICTIONARY 141 (8th Ed. 2004). Abolished in civil cases, the writ arguably survives in the federal criminal context, *see United States v. Morgan*, 346 U.S. 502 (1954) and the All Writs Act, but is available only to the extent that it fills a gap in the current system of federal post-conviction relief. *See United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001).

Court and/or the Eighth Circuit Court of Appeals has denied them all.[2]  He now attempts to once again litigate whether this Court properly sentenced him under the three strikes statute under 18 U.S.C. § 3559(c)(1)(A)(i).  As the Court noted in its Order dated June 12, 2001, at page 6, "this argument has been fully explored and rejected by both this Court and the Eighth Circuit" and "Mr. Cox's arguments regarding the applicability of the three strikes provision provide no basis to vacate and/or correct his sentence."

## CONCLUSION

Whether the Court construes Petitioner's pleading as a petition under 28 U.S.C. § 2255[3] or as a writ of error *audita querela*, the motion is completely lacking in merit and

IT IS THEREFORE ORDERED THAT such motion, entitled "Cox Petitions the Court for a Writ of Autida Querela" (Docket No. 125), be, and it is hereby, DENIED.

IT IS SO ORDERED this  18th   day of March, 2008.

 /s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

---

[2] *See* Court's Order dated June 11, 2001 (denying § 2255 petition but granting certificate of appealability on 2 issues);  *Cox v. United States*, 294 F.3d 959 (8th Cir. 2002 (affirming district court's denial of §2255 relief, but vacating prior judgment to permit counsel to file a promised petition for certiorari);  Court's Order dated December 22, 2004 (denying Cox's second § 2255 motion as a "second and successive application");  Eighth Circuit's Judgment dated September 15, 2005 (filed in this case on October 31, 2005, as Docket # 105)(denying Cox's application for a certificate of appealability); Order dated December 12, 2006 (denying Mr. Cox's "Challenge to Judgment" as a "second or successive" motion); Order dated January 9, 2007 (denying Mr. Cox's Motion for Reconsideration); Eight Circuit's Judgment dated June 11, 2007 (filed in this case as Docket # 123).

[3] Because this claim has been presented in a prior habeas corpus application, the current pleading, if construed as a petition under Section 2255, would be dismissed. *See* 28 U.S.C. § 2244(b)(1).