**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**

**UNITED STATES OF AMERICA**                                                    **RESPONDENT**

**VS.**                          **NO. 4:98-CR-00073 GTE**

**GAYLON RICHARD COX**                                                            **PETITIONER**

**ORDER**

Before the Court is Petitioner Gaylon Richard Cox's Motion to Reconsider the Court's previous Order.  On March 18, 2008, the Court rejected Petitioner's Petition for a Writ of Autida Querela.[1]  The Court finds the motion to be without merit.  The Court notes that it has considered the case of *Kessack v. United States*, 2008 WL 189679 (W.D. Wash. 2008), upon which Petitioner relies, but concludes that it does not merit relief here.  In *Kessack*, the court suggested that while the Supreme Court's landmark ruling in *Booker*[2] may not be applied retroactively in habeas cases, a Writ of Audita Querela might be used "to achieve justice in extraordinary situations" when other postconviction remedies are unavailable.  The *Kessack* court ordered that the defendant be re-sentenced under 18 U.S.C. § 3582(c)(2) "because Booker announced a new rule of constitutional law that was unforeseeable at the time of his sentencing, appeal, and habeas petitions." (Slip copy, at 6).  Critical to the *Kessack* decision was the fact that the sentencing judge was required under the then mandatory sentencing guidelines to find the amount of drugs and other sentence enhancements using a preponderance of the evidence

---

[1]  (Docket # 126).

[2]  *United States v. Booker*, 543 U.s. 220, 245 (2005).

standard.

Petitioner is correct that the Eighth Circuit has not considered this argument. It need not be resolved here. Even assuming the Eighth Circuit would approve the use of a Writ of Audita Querela in an appropriate situation, the Court concludes that its use would not be appropriate here. The Court's conclusion that Petitioner was subject to the three strikes statute was based on an interpretation of the "three strikes" statute, 18 U.S.C. § 3559(c)(1)(A)(i)(1994). While the *Booker* decision altered the legal landscape of the federal sentencing guidelines, it did not affect the statute pursuant to which Defendant was sentenced to life imprisonment.

There is no legal defect or fundamental error in the original proceeding or in the sentence Petitioner received. In the absence of a legal objection to the conviction, there is no basis for the issuance of the requested writ.[3]  Accordingly,

IT IS THEREFORE ORDERED THAT Petitioner's Motion to Reconsider (Docket No. 137) be, and it is hereby, DENIED.

IT IS SO ORDERED this  3rd   day of April, 2008.

                                          /s/Garnett Thomas Eisele
                                          UNITED STATES DISTRICT JUDGE

---

[3] *See U.S.. v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995)("Audita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction"); *U.S. v. Khalaf,* 116 F.Supp.2d 210, 217 (D. Mass. 1999)("writ of audita querela does not provide a purely equitable basis for relief independent of any legal defect in the underlying judgment").