IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                             RESPONDENT

v.                          No. 4:98-cr-73-DPM

GAYLON RICHARD COX                                    PETITIONER

ORDER

**1.** In 1998, Gaylon Cox absconded from federal supervised release. In a five-week stretch that spring, Cox committed four robberies—three banks and a post office—in three states. While awaiting trial for those crimes, he tried to escape, making a run for a door that turned out to be locked. He eventually pleaded guilty in this case and a related Georgia case. He was sentenced to terms of years for the Georgia robbery, for being a felon in possession of a firearm, and for the attempted escape. He was sentenced to life imprisonment under the three-strikes statute for another of the robberies. 18 U.S.C. § 3559(c). He's been in custody for the last twenty-two years.

Cox moves to reduce his life sentence—the only sentence still undischarged—to time served based on the threat COVID-19 presents to his health if he remains in prison. *Doc. 184*; 18 U.S.C. § 3582(c)(1)(A)(i). He's now sixty-three years old. He has Hepatitis C and has twice had cancer; and he is confined at FCI Butner, where the virus is present and spreading. The United States opposes the motion.

**2.** Exhaustion is the first issue. Before the First Step Act, only the Director of the BOP could file a compassionate release motion like this one. Now, an inmate may file one on his own behalf. There's an exhaustion requirement, though: the inmate may file his own motion "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden[.]" 18 U.S.C. § 3582(c)(1)(A).

Here, Cox made a compassionate release request to the Warden of FCI Butner, who timely denied it. Cox hasn't yet exhausted his administrative rights to appeal. *Doc. 187 at 1*; 28 C.F.R. §§ 571.63(a)–(d) & 542.15. Nonetheless, pursuant to Department of Justice policy, the United States says that Cox has exhausted because thirty days passed between Cox's request to the Warden and his filing the motion. *Doc. 188 at 2 n.1*.

While the Court understands the United States' position, it disagrees. As one of my colleagues has concluded, the mere passage of thirty days is not enough. Instead, the better reading of the statute as a whole is that an inmate must fully exhaust his administrative remedies unless he doesn't receive a timely answer from the warden. *United States v. Smith*, E.D. Ark. Case No. 4:95-cr-19-LPR-4, Doc. 440 at 12–18, 2020 WL 2487277, at *6–*9 (14 May 2020); *see also United States*

*v. Arthaloney*, No. 8:18-cr-127-, 2020 WL 2571171, at *1 n.1 (D. Neb. 21 May 2020) (collecting cases). Cox hasn't exhausted.

**3.** What now? If the exhaustion requirement is jurisdictional, then the Court can't consider Cox's motion at all. If, however, the requirement is a mandatory claims-processing rule, then it's subject to waiver or forfeiture. And, given the United States' position, the Court can therefore reach the merits of Cox's motion for compassionate release.

The Supreme Court has cautioned that jurisdiction "is a word of many, too many, meanings." *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 90 (1998) (quotation omitted). In recent years, the Court has clarified and cabined the term's use. *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1849–50 (2019) (collecting cases). Jurisdictional rules speak to a court's power, its "adjudicatory capacity[,]" *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011); and a rule is jurisdictional only when Congress "clearly states that [the rule] shall count as jurisdictional[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006). On the other hand, rules that speak "only to a party's procedural obligations" are nonjurisdictional claims-processing rules. *E.P.A. v. EME Homer City Generation, L.P.*, 572 U.S. 489, 512 (2014).

The United States Court of Appeals for the Eighth Circuit has said that § 3582(c)(2) is jurisdictional. *United States v. Auman*, 8 F.3d 1268

(8th Cir. 1993). It did so, however, years before the Supreme Court began its unbroken line of clarifying precedent. In *Auman*, the defendant requested a sentence modification under § 3582(c)(2), which deals with retroactive Guidelines amendments. The Court of Appeals concluded that, because Auman didn't qualify for the reduction, there was no jurisdiction to entertain the motion or the appeal. The jurisdictional label was assumed. The *Auman* Court did not perform a jurisdictional v. claims-processing analysis.

Courts that have done that analysis with the benefit of the Supreme Court's more recent precedents have divided. *Compare, e.g., United States v. Spaulding*, 802 F.3d 1110, 1122–27 (10th Cir. 2015), *with United States v. Taylor*, 778 F.3d 667, 669–71 (7th Cir. 2015). The statute says "The court may not modify a term of imprisonment once it has been imposed except that . . .." 18 U.S.C. § 3582(c). These words—directed to the court rather than the parties—do have "a somewhat jurisdictional flavor[.]" *United States v. Smith*, 467 F.3d 785, 788 (D.C. Cir. 2006).

But flavor is not enough. Indeed, the Supreme Court has held that almost identical words—"The court may not extend the time to take any action under Rules 29, 33, 34, and 35, except as stated in those rules"—created a mandatory claims-processing rule, not a jurisdictional limitation. *Eberhart v. United States*, 546 U.S. 12, 15

-4-

(2005); *see also Smith*, 467 F.3d at 788. The statute's other provisions don't support a jurisdictional reading, either. Section 3582 as a whole "answers questions related to claim-processing mechanics of imposing a sentence of imprisonment, not the jurisdiction of the court." *Spaulding*, 802 F. 3d at 1131 (Gorsuch, J., dissenting). And this statute isn't located in the "Jurisdiction and Venue" chapter of Title 18. It "lives several doors down" in a chapter about sentences. *Ibid.*

In light of the Supreme Court's clarifying precedent, and § 3582's text and structure, the better reading is that Congress did not clearly intend for § 3582(c)(1)(A)'s exhaustion requirement to rank as jurisdictional. But this Court is bound by *Auman* unless its contrary conclusion is clearly irreconcilable with the Supreme Court's later jurisdictional v. claims-processing rule decisions. *Lair v. Bullock*, 697 F.3d 1200, 1206–07 (9th Cir. 2012); *see also Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 US 477, 484 (1989).* There's

---

* The settled Eighth Circuit law about when one panel can overrule a prior panel is in the neighborhood, but not exactly the right address. And the Eighth Circuit has a somewhat looser standard than the Ninth Circuit in those circumstances. *United States v. Villareal-Amarillas*, 562 F.3d 892, 898 n.4 (8th Cir. 2009) (quotation omitted). The clearly irreconcilable standard is the only precedent this Court has been able to locate about when a district court may reconsider binding Circuit precedent based on intervening Supreme Court authority; and it seems appropriately stringent.

undoubtedly a conflict, but it is not a clearly irreconcilable one. The Tenth Circuit's decision in *Spaulding* (albeit over the dissent of then-Judge Gorsuch) and like cases considered the Supreme Court's clarifying decisions but stuck with the jurisdictional conclusion. These courts reconciled all these cases and this statute. The United States Supreme Court, or the Court of the Appeals for the Eighth Circuit, rather than this District Court, is therefore the court that must be the one to revisit this issue and clarify the nature of § 3582(c).

*  *  *

Cox's motion, *Doc. 184*, is denied without prejudice for lack of jurisdiction. *Auman*, 8 F.3d at 1271.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 September 2020